UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

George Hom,

          Appellant

          -against-

Andrea E. Celli,

          Appellee.

_____

IN RE George Hom

          Debtor,

_____

Dist. Ct. Civil Action
1:08-CV-1189 (LEK)

Bankr. Case No. 04-17210-1-rel

**ORDER**

On November 7, 2008,[1] Appellant George Hom ("Hom" or "Appellant") filed with this

Court a Notice of Appeal from an Order of the United States Bankruptcy Court for the Northern

District of New York, dated October 2, 2008, which denied Hom's request to appear telephonically

at a hearing scheduled for November 6, 2008.  Dkt. No. 1.  The record on appeal, which was also

filed on November 7, 2008, contains a certificate of noncompliance with Federal Rules of

Bankruptcy Procedure 8001(a), 8003 and 8006.  See Record (Dkt. No. 2, Attach. 4).  No extension

of time has been granted.

The Court is hereby notifying Appellant of his noncompliance with Rules 8001(a), 8003 and

8006 and that he may explain, in a written submission to the Court within 30 days of the issuance of

_____

[1] The Court notes, for Appellant's benefit, that the Notice of Appeal was filed with the
Bankruptcy Court on October 22, 2008.  Dkt. No. 2, Attach. 4.

this Order, why the instant appeal should not be dismissed for noncompliance with Rules 8001(a), 8003 and 8006.  After 30 days, the Court will determine, based on the materials before it, whether dismissal or another sanction for Appellant's noncompliance is appropriate.  Appellant is warned that if he fails to respond within 30 days, or if the Court finds that his explanation lacks merit, he may face dismissal of this action without further notice from the Court.  See In re Harris, 464 F.3d 263, 272-273 (2d Cir. 2006) ("district courts will generally need to provide notice of the potential dismissal and an opportunity for the errant litigant to explain its conduct.  Based on that explanation, the court can then determine the appropriate sanction and articulate its reasons for selecting its chosen course of action.") (quoting English-Speaking Union v. Johnson, 353 F.3d 1013, 1022 (D.C. Cir. 2004)).

Accordingly, it is hereby

**ORDERED**, that Appellant Hom is notified that the record on appeal contains a certificate of noncompliance (Dkt. No. 2, Attach. 4) with Bankruptcy Rules 8001(a), 8003 and 8006, and that Appellant has 30 days from the issuance of this Order to file a written submission with the Court explaining his noncompliance.  After 30 days and without providing further notice, the Court may dismiss the instant appeal or order a lesser sanction for noncompliance; and it is further

**ORDERED,** that the Clerk serve this Order on the parties.

**IT IS SO ORDERED**.

DATED:      January 23, 2009
            Albany, New York

Lawrence E. Kahn
U.S. District Judge

2